UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDUARDO ARRAMBIDE and all others similarly situated, §§§§ Plaintiff, | |
| v. | Civil Action 4:12-CV-2476 |
| AUTO LOOKS, LLC, MAACO FRANCHISING, INC. and KHALID RIZVI, Defendant. | |

## **MEMORANDUM AND OPINION**

Defendant Auto Looks LLC's motion for summary judgment (Dkt. 18) is before the court. Based on the parties' briefs and a hearing held on February 6, 2014, defendant's motion is granted.

## **Facts of the Case**

Plaintiff Eduardo Arrambide is a former employee of Auto Looks, LLC, an auto repair facility. (Dkts. 1, 18). Arrambide performed auto body repair for Auto Looks from 2008 to 2012. (Dkts. 1, 18). On August 18, 2012, Arrambide filed this action, alleging that he was denied (1) overtime pay and (2) compensation for "off-the-clock" work under the Fair Labor Standards Act. (Dkt. 1). Under the Texas Labor Code, Arrambide alleges Auto Looks withheld his wages. (Dkt. 1).[1] In his complaint, Arrambide claims he regularly worked between nine and eleven hours on weekdays and additional hours on the weekend, for which he was not fully compensated. (Dkt. 1). On December 4, 2013, Auto Looks filed for summary judgment. (Dkt. 18).

---

[1] While the case was filed as a collective action, Arrambide never moved for class certification.

**Standard of Review**

Summary judgment is appropriate if no genuine disputes of material fact exist and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life and Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the submitted evidence could lead a reasonable jury to find for the nonmoving party. *In re Seggestrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). In analyzing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**Analysis**

Generally, under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

However, in what is known as the "retail or service" or "commissioned employee" exemption,

> [n]o employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek . . . , if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

2

29 U.S.C.A. § 207(i).

An employee alleging unpaid overtime under the FLSA must first demonstrate that he was (1) employed during the time for which compensation is sought and (2) performed work for which he was allegedly uncompensated. *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). The employer bears the burden to prove an employee is exempt under the FLSA, and exemptions are narrowly construed. *Cleveland v. City of Elmendorf, Tex.*, 388 F.3d 522, 526 (5th Cir. 2004). Thus, Arrambide's overtime claim turns on whether Arrambide's pay ever dipped below the minimum overtime rate of pay specified in the FLSA and if so, whether Section 207(i) applies.

Auto Looks provides evidence that Arrambide did not work any underpaid overtime during his employment with Auto Looks. (Dkt. 18). Auto Looks admittedly did not keep time records on Arrambide but does offer evidence that its store was open for business at total of 51 hours a week, Monday through Saturday. (Dkt. 18). Even assuming Arrambide worked every hour the shop was open, his pay exceeded 1.5 times the minimum wage for all but a handful of "lean weeks." (Dkt. 18). And in those lean weeks, Auto Looks has produced evidence based on industry average completion times for the jobs on which Arrambide worked during those weeks that Arrambide worked less than 40 hours per week.[2] (Dkt. 18). Auto Looks alternatively asserts that Arrambide was paid entirely by commission, based on a percentage of the bodywork revenue he generated each week. (Dkt. 18).

---

[2] Auto Looks claims that 40 labor hours translates to even fewer physical hours worked based on the estimation system Auto Looks uses to determine pricing, Audatex. (*See* Dkt. 18).

Arrambide claims he possesses evidence showing a genuine dispute of material fact about whether Arrambide worked in excess of 40 hours per week during the periods in question, though he did not attach any evidence in his pleadings. (*See* Dkts. 1, 19). Further, Arrambide asserts that Auto Looks did not comply with the FLSA's regulatory reporting requirements which, Arrambide contends, are necessary to classify employees as exempt. (Dkt. 19); *see also* 29 CFR 516.16. Specifically, as Auto Looks acknowledges, the company did not maintain time cards recording the actual number of hours Arrambide worked each day. (Dkts. 18, 19, 20).

If an employer has failed to keep adequate time records, the court may turn to an employee's testimony or other evidence about hours worked to determine whether an employee violated FLSA overtime laws. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *abrogated on other grounds by Sandifer v. U.S. Steel Corp.*, 12-417, 2014 WL 273241 (U.S. Jan. 27, 2014).

Here, however, Arrambide offers no proof that his pay violated FLSA requirements. He submits no affidavit or other evidence stating his hours worked, merely pointing to the facts alleged in his original complaint. (*See* Dkts. 1, 19). He does not challenge Auto Looks' evidence regarding the maximum number of hours he could have worked in a given week, and that based on those hours he was paid more than 1.5 times the minimum wage for all but a few "lean" weeks. Nor does he offer any evidence to challenge Auto Looks' sworn testimony that, even in those lean weeks, he did not work more than 40 hours per week.

Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 324 (1986); *see also Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008); FED. R. CIV. P. 56(c).  Arrambide has failed to show a genuine dispute of material fact over the threshold issue: whether he was paid less than the general FLSA requirements.[3]  His claims must fail.

## Conclusion

For this reason, Auto Looks' motion for summary judgment is GRANTED.  Arrambide's claims under the FLSA and Texas Labor Code are denied.  The court will issue a separate final judgment.

Signed at Houston, Texas on February 24, 2014.

Stephen Wm Smith
United States Magistrate Judge

---

[3] Arrambide's claim under the Texas Labor Code consists of a cursory statement that "[b]y withholding Plaintiff EDUARDO ARRAMBIDE'S wages earned during the period of his employment . . . , Defendants have violated the Texas Labor Code, Chapter 61, *et seq.*, which specifically requires the employer to pay its employees all of their wages earned." (Dkt. 1). Without any evidence that Auto Looks withheld any payments owed, this claim has no merit. Further, there is doubt about whether Chapter 61 of the Texas Labor Code even permits a private right of action. *See Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 668-69 (S.D. Tex. 2013).